## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: _____ |
| | ) | |
| | ) | |
| WEST TENNESSEE EXPRESS, INC. | ) | |
| | ) | JURY TRIAL |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, ANTHONY DAVIS, by and through his attorneys, alleges for his Complaint as follows:

## I. INTRODUCTION

1.      Plaintiff brings this action against WEST TENNESSEE EXPRESS, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

## II. THE PARTIES

## A. THE PLAINTIFF

2.      Plaintiff, Anthony Davis, currently resides in Gadsen, Tennessee and is a citizen of the United States.

3.      Plaintiff was hired by Defendant approximately fourteen years ago, and his ending position was driver.

4.      Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. Section 2611(2)(A).

**B. THE DEFENDANT**

5.      Defendant, West Tennessee Express, is located within the Western District of Tennessee,

Eastern Division, and is an employer within the provisions of the FMLA, specifically under 29

U.S.C. Section 2611(4)(A).

6.      At all times material to this action, Defendant has been engaged in commerce as defined

by § 2611(1) of the FMLA.

7.      The Defendant is bound by the rules and regulations of the Family and Medical

Leave Act.

**III. JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 (federal question jurisdiction).

9.      Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

**IV. FACTS**

10.     On or about August 12, Plaintiff sustained a "serious health condition" of a broken arm

which required surgery and a leave of absence.

11.     Plaintiff's brother telephoned Defendant and advised of the accident, upcoming surgery,

and the need to be off work to recuperate.

12.     On or about August 17, after the surgery, Plaintiff went to work to pick up his next check

and provide an update about his leave post-surgery. At this time, in almost immediate proximity

to his leave request, Defendant advised Plaintiff that he was terminated.

13.     Defendant said that Plaintiff had unhooked his truck from the trailer and it was a

terminable offense.

14.     This was not a terminable offense.  Plaintiff, and many others, had unhooked their truck from their trailer at the end of their work for years and years.  In fact, Plaintiff put a lock on the trailer and stored it at a common storage location in Gadsden, Tennessee.

15.     Moreover, Defendant *knew* Plaintiff had done this for years and, prior to this need for leave, it had never been a problem in the past.  In fact, Defendant had previously advised it was fine to unhook the trailer when it was apart from his truck.

16.     Defendant's true motivation, and or mixed motivation, was that Plaintiff required leave (covered by the FMLA) and Defendant chose to terminate his employment rather than work with his needed leave time.

## V. COUNT ONE

17.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By the actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise his rights under the FLMA, i.e. denying Plaintiff FMLA leave and job restoration without "negative" action.

## VI. COUNT TWO

18.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By the actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising his rights under the FMLA, i.e. taking adverse action of termination because Plaintiff attempted to take FMLA qualifying leave.

## VIII. PRAYER FOR RELIEF

19.     WHEREFORE, the Plaintiff prays for the following relief:

A.      That proper process issue along with a copy of this complaint requiring the

Defendants to appear and answer;

B.      That Plaintiff be awarded damages in the amount of any wages, salary,

employment benefits or other compensation, including, but not limited to back

pay, reinstatement or front pay, plus an equal amount of liquidated damages and/or

prejudgment interest;

C.      Any actual monetary loss sustained by the Plaintiff, plus an equal amount of

liquidated damages and/or prejudgment interest;

D.      Reasonable attorneys' fees;

E.      The costs and expenses of this action;

F.      Such other legal and equitable relief to which Plaintiff may be entitled; and

G.      Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC


s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF